LUIS ABELLA BLANCO, Petitioner and Appellant, *v.* REXFORD GUY TUGWELL, substituted by JESÚS T. PIÑERO, GOVERNOR OF PUERTO RICO, Defendant and Appellee.

No. 9571.  Argued February 6, 1948.—Decided March 19, 1948.

*Juan B. Soto* and *Juan F. Soto* for appellant; *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Assistant Attorney General,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Luis Abella Blanco was removed by the Governor as Registrar of Property of Caguas after a hearing on charges preferred against him and pursuant to the recommendation of the referee who took the testimony. Abella filed a petition for mandamus in the district court to compel the Governor to restore him to his post as Registrar. The lower court dismissed the petition on the ground that it failed to state a cause of action. For reasons which are fully stated in our opinions, we set aside this judgment and remanded the case to enable the respondent to amend his answer and for further proceedings. *Abella* v. *Piñero, Governor,* 66 P.R.R. 651.

After the case was remanded to the district court, on February 13, 1947 Abella filed an amended petition. On March 18, 1947 the Governor filed his answer. After a trial on the merits, on April 23, 1947 the district court entered judgment dismissing the complaint. The petitioner appealed from that judgment.

We are confronted at the threshold of the case with the fact that Abella is no longer qualified to hold the post of Registrar, as he was disbarred by this Court, after a hearing, on April 22, 1947. *In re Abella,* 67 P.R.R. 211; § 1,

Act of March 10, 1904, as amended by § 1, Act of March 16, 1909. The appellant argues that this case must be decided on the basis of the pleadings and testimony presented in the district court; that if he was illegally removed by the Governor, his subsequent disbarment cannot be used to validate the action of the Governor; and that if his disbarment is now an adequate ground for removal, the Governor must take some future action to that effect.

We are unable to agree with this contention. We take judicial notice of our own action in disbarring Abella. Since he is no longer qualified to act as Registrar, for our purposes his petition for mandamus is in the same legal position as if he held an office with a fixed term which had expired while the litigation is pending. Under those circumstances the petition, insofar as it prays for restoration to office, becomes moot and will not be granted. *Gelpí* v. *Tugwell,* 123 F. (2) 377 (C.C.A. 1st, 1941); see *De Castro* v. *Board of Commissioners,* 59 P.R.R. 673, 136 F. (2) 419 (C.C.A. 1st, 1943), 322 U.S. 451. In so holding we are not, as the appellant argues, performing the executive function of removing Abella on the ground of disbarment. Rather we are refusing to take the action requested by Abella: to enter an affirmative judgment ordering his restoration to a post which he is now legally disqualified from holding.

■■ Although Abella cannot be restored to office because of his disability, the question remains whether, as the appellant claims, he may nevertheless be granted judgment for salary he would have earned between the date of his removal and his disbarment, if we should hold he was illegally removed.

We assume, without deciding, that Abella was illegally removed, despite the contention of the respondent that he was validly removed. Cf. *Jiménez* v. *Reilly,* 30 P.R.R. 582; *Gelpí* v. *Leahy, Gov.,* 56 P.R.R. 884, 123 F. (2) 377, 379, dissenting opinion; §§ 53, 208, paragraphs 4 and 8, Political

Code. We also assume, without deciding, that mandamus lies to obtain the incidental relief of payment of back salary even though the principal purpose of the suit—restoration to office—is no longer possible. Cf. *Cowan* v. *State,* 116 P. (2) 854 (Wyo., 1941); *Cantellops* v. *Fernós, Commissioner,* 65 P.R.R. 749, 766; Annotation, 5 A.L.R. 572. This petition nevertheless founders on the rule that the extraordinary equitable remedy of mandamus which rests in the discretion of the court is not available to a person who does not come into court with clean hands. Annotation, 36 A.L.R. 508; *Nine* v. *Ortiz,* 67 P.R.R. 883, 895, and cases cited therein. This Court has found Abella guilty of misconduct in the post of Registrar. 67 P.R.R. 211. His hands are therefore not clean. And it would be improper for us, in the exercise of our discretion, to give such a wrongdoer the equitable relief of mandamus.

The judgment of the district court will be affirmed.